IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-187-FL

| | | |
|---|---|---|
| SMITH BROS. TRUCK GARAGE, INC., doing business as Smith International Truck Center, | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) ) ) | |
| DOLPHIN LINE, INC, | ) ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 67), regarding several motions to dismiss (DE ## 25 & 26,[1] 28, 31, 38, 40, 41). The magistrate judge recommends this court deny as moot all of the pending motions. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling.

On March 23, 2009, plaintiff filed this action in Cumberland County Superior Court, and on April 29, 2009, defendants removed the case to this court. Subsequently, all defendants except Dolphin Line and Navistar International moved to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (DE ## 25 & 26, 28, 31.) Specifically, Southwest International Trucks, Southland International Trucks, Ward

---

[1]Docket entry 26 is a continuation of docket entry 25, which is a motion to dismiss by defendant Southwest International Trucks, Inc. (improperly identified in the complaint as Southwest International, Inc.).

International Trucks, Inc., Ward International Trucks, LLC, and Ward International Trucks of Alabama, LLC, moved to dismiss plaintiff's complaint. Defendant Dolphin Line also asserted crossclaims against all other defendants. (DE #34.) Defendants Southland International Trucks and Southwest International Trucks moved to dismiss Dolphin Line's crossclaim for lack of jurisdiction. (DE ## 40, 41.)

On October 7, 2009, after the aforementioned motions were filed, plaintiff and all defendants except Dolphin Line (hereinafter "settling defendants") filed a stipulation of voluntary dismissal of plaintiff's claims with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. (DE # 61.) Plaintiff reserved its claims against Dolphin Line. As it remained uncertain whether Dolphin Line's crossclaims remained pending against the settling defendants, the parties were ordered to provide a status report. On November 6, 2009, Dolphin Line and plaintiff filed a status report, stating Dolphin Line had discontinued its claims against the settling defendants, and Dolphin Line voluntarily dismissed all of its crossclaims against the settling defendants pursuant to Rule 41(c). (DE ## 65, 66.) In light of these voluntary dismissals, the only claims which remain pending before the court are plaintiff's claims against Dolphin Line and Dolphin Line's counterclaim against plaintiff. Consequently, the magistrate judge recommended all pending motions by the settling defendants be denied as moot.

After careful review of the docket, this court agrees with the magistrate judge. Consequently, the court ADOPTS the M&R as its own and for the reasons stated therein (DE #67). Accordingly, the following motions are DISMISSED as MOOT: motion to dismiss by Southwest International Trucks, Inc. (DE ## 25 & 26); motion to dismiss by Southland International Trucks, Inc. (DE # 28); motion to dismiss by Ward International Trucks of Alabama, LLC, Ward International Trucks, Inc.,

and Ward International Trucks, LLC (DE #38); motion to dismiss crossclaim by Southland International Trucks, Inc. (DE #40); and motion to dismiss crossclaim by Southwest International Trucks, Inc. (DE #41). Further order on case scheduling will be forthcoming.

SO ORDERED, this the 22nd day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Court Judge

3